IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SHERRI BARCLIFT )<br>)<br>Plaintiff, )<br>) No.<br>vs. )<br>)<br>MANN BRACKEN, LLP and )<br>ARROW FINANCIAL SERVICES, LLC, )<br>)<br>Defendants. ) | **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

NOW COMES the Plaintiff, SHERRI BARCLIFT, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendants, MANN BRACKEN, LLP and ARROW FINANCIAL SERVICES, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Debt Collection Act (NCDCA), N.C. Gen. Stat. § 75-50, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the NCDCA, N.C. Gen. Stat. § 75-50, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Land O Lakes, Florida.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 75-50(1), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 75-50(3), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff to Arrow Financial Services, LLC, as assignee of GE Money Bank.

6. On information and belief, Defendant MANN BRACKEN, LLP (hereinafter "Mann Bracken") is a limited liability partnership of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in Rockville, Maryland.

7. On information and belief, Defendant ARROW FINANCIAL SERVICES, LLC (hereinafter "Arrow") is a limited liability company of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in Niles, Illinois

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. During or about December of 2008, a representative of Mann Bracken, acting as the attorney and/or authorized agent of Arrow, contacted Plaintiff's parents by telephone regarding collection of the aforementioned alleged debt.

9. During said phone conversation with Plaintiff's parents, Mann Bracken's representative threatened to have Plaintiff arrested if payment arrangements were not made by

3:00 p.m. on the same day. During the same conversation, Mann Bracken's representative also disclosed personal financial information regarding the alleged debt to Plaintiff's parents.

10. All of the actions taken by Mann Bracken as alleged above were taken as the attorneys and/or authorized agents of Arrow.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

- a. Identifying the name of Defendant's company while communicating with a person other than the Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);
- b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);
- c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);
- d. Representing or implying that nonpayment of the alleged debt will result in the arrest or imprisonment of Plaintiff, where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);
- e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);
- f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her, in violation of 15 U.S.C. § 1692e(7);

g. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e; and

h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHERRI BARCLIFT, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for each violation of the FDCPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Debt Collection Act)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the NCDCA in one or more of the following ways:

a. Identifying the name of Defendant's company while communicating with a person other than the Plaintiff without having been expressly requested to do so, in violation of N.C. Gen. Stat. § 75-53;

b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of N.C. Gen. Stat. § 75-53(1);

c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-53(1);

d. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 75-51;

e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 75-51(8);

f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her, in violation of N.C. Gen. Stat. § 75-51(2);

g. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-54; and

h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHERRI BARCLIFT, respectfully prays for judgment against Defendant as follows:

a. All actual compensatory damages suffered;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
Lynette@LuxenburgLevin.com